IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| PRUVIT VENTURES, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| AMY SMITH, | § | |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Amy Smith ("Defendant") hereby removes Case No. 296-03276-2018 from the 296th Judicial District Court, Collin County, Texas, to this Court pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441. As grounds for this removal, Defendant states as follows:

### I.
### PROCEDURAL HISTORY

1.      Plaintiff Pruvit Ventures, Inc. ("Plaintiff") filed suit against Defendant in the 296th Judicial District Court, Collin County, Texas, on July 10, 2018.

2.      Defendant was served with the citation and a copy of Plaintiffs' Original Petition (the "Petition") on July 14, 2018.

### II.
### BASIS FOR REMOVAL

3.      A civil action initially filed in a state court is removable if the action is one which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

4.      District courts have original jurisdiction over civil actions between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

5.    This action is removable because (1) complete diversity exists between Plaintiff and Defendant and (2) the amount in controversy exceeds $75,000.

6.    Additionally, this Court is appropriate for purposes of removal because this district and division embrace the place in which the removed action is pending. 28 U.S.C. § 1441(a).

**A.    There is complete diversity.**

7.    Complete diversity requires that "the citizenship of each plaintiff [be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

8.    A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

9.    Conversely, a natural person is a citizen of the state in which that person is domiciled. *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

10.    Plaintiff is a Texas corporation with its principal place of business at 901 Sam Rayburn Highway, Melissa, Texas 75454. Ex. A (Petition at ¶ 2); Ex. B (Texas Comptroller of Public Accounts Taxable Entity Search).

11.    Defendant is domiciled at 250 Camp Tahkodah Road, Batesville, Arkansas 72501, and is, therefore, a citizen of the State of Arkansas. Ex. A (Petition at ¶ 3).

12.    Accordingly, complete diversity exists between Plaintiff and Defendant, and the requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

**B.    The amount in controversy exceeds $75,000.**

13.    If a defendant removes a case from state court to federal court on the basis of diversity jurisdiction, then the defendant bears the burden to show that all the requisites for

federal jurisdiction are met, including that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

14.     In general, the amount in controversy is determined by the amount sought on the face of the state court petition . . . ." *Susan Jung v. 24 Hour Fitness USA, Inc.*, No. 4:17-CV-787, 2017 WL 6498105, at *4 (E.D. Tex. Dec. 19, 2017).

15.     Here, Plaintiff's Petition states that "Plaintiff seeks damages in an amount ... over $100,000.00 but not more than $200,000.00," well above the jurisdiction threshold. Ex. A (Petition at ¶ 1). Accordingly, the amount in controversy requirement is satisfied.

**C.     Timeliness of Notice of Removal.**

16.     Generally, a defendant is required to file a notice of removal of a civil action within 30 days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1).

17.     Here, Defendant was served with a copy of the Petition on July 14, 2018. *See* Ex. C (Certified Docket Sheet). Accordingly, the applicable removal deadline is August 13, 2018. Because Defendant has filed this Notice of Removal on August 10, 2018, this removal is timely.

**IV.**
**PARTIES TO THE CASE**

18.     Pursuant to Eastern District Local Rule 81(c)(1), the current status of the removed case is "pending" and the following is a list of all parties in the case and their party type (e.g., plaintiff, defendant, intervenor, receiver, etc.):

| Party Name | Party Type |
|---|---|
| Pruvit Ventures, Inc. | Plaintiff |
| Amy Smith | Defendant |

## V.
### PAPERS FROM REMOVED ACTION

19.     Pursuant to 28 U.S.C. § 1446(a) and Eastern District Local Rule 81(c)(2), a certified copy of the state court docket sheet and a copy of all pleadings that assert causes of action (e.g., complaints, amended complaints, supplemental complaints, petitions, counter-claims, cross-actions, third party actions, interventions, etc.), all answers to such pleadings and a copy of all process and orders served upon the party removing the case to this court as required by 28 U.S.C. § 1446(a) are attached to this notice as Exhibit C.

## VI.
### LIST OF ATTORNEYS

20.     Pursuant to Eastern District Local Rule 81(c)(3), the following is a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by him/her:

| Name | Contact Information | Bar Number | Party Represented |
|---|---|---|---|
| Mark L. Hill | Scheef & Stone, L.L.P. 2600 Network Blvd. Suite 400 Frisco, TX 75034 (214) 472-2100 (t) (214) 472-2150 (f) | 24034868 | Plaintiff Pruvit Ventures, Inc. |
| Carlisle A. Braun | Scheef & Stone, L.L.P. 2600 Network Blvd. Suite 400 Frisco, TX 75034 (214) 472-2100 (t) (214) 472-2150 (f) | 24058818 | Plaintiff Pruvit Ventures, Inc. |
| Robert T. Slovak | Foley Gardere Foley & Lardner, LLP 2021 McKinney Avenue, Suite 1600 Dallas, Texas 75201 (214) 999-4334 (t) (214) 999-3334 (f) | 24013523 | Defendant Amy Smith |

| Steven Lockhart | Foley Gardere<br>Foley & Lardner, LLP<br>2021 McKinney Avenue,<br>Suite 1600<br>Dallas, Texas 75201<br>(214) 999-4668 (t)<br>(214) 999-3668 (f) | 24036981 | Defendant Amy Smith |
| Chelsea L. Hilliard | Foley Gardere<br>Foley & Lardner, LLP<br>2021 McKinney Avenue,<br>Suite 1600<br>Dallas, Texas 75201<br>(214) 999-4185 (t)<br>(214) 999-3185 (f) | 24068630 | Defendant Amy Smith |

## VII.
### NO JURY TRIAL REQUEST

21.     Pursuant to Eastern District Local Rule 81(c)(4), no party has requested a jury trial.

## VIII.
### STATE COURT NAME AND ADDRESS

22.     In accordance with Eastern District Local Rule 81(c)(5), this case is being removed from the 296th Judicial District Court, Collin County, Texas, located at Russell A. Steindam Courts Building, 2100 Bloomdale Road, Suite 10030, McKinney, TX 75071.

## IX.
### NOTICE OF FILING REMOVAL

23.     In accordance with 28 U.S.C. § 1446(d), a copy of the written notice addressed to the adverse parties and the 296th Judicial District Court, Collin County, Texas, is attached hereto as Exhibit D.

## X.
### CONCLUSION

**WHEREFORE**, Defendant Amy Smith respectfully removes this action from the 296th Judicial District Court, Collin County, Texas, Cause No. 296-03276-2018, to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

By: */s/ Chelsea L. Hilliard*
    ROBERT T. SLOVAK
    State Bar No. 24013523
    rslovak@foley.com
    STEVEN C. LOCKHART
    State Bar No. 24036981
    slockhart@foley.com
    CHELSEA L. HILLIARD
    State Bar No. 24068630
    chilliard@foley.com

**FOLEY GARDERE**
**FOLEY & LARDNER, LLP**
2021 McKinney Avenue,
Suite 1600
Dallas, Texas 75201
(214) 999-3000 Telephone
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANT**
**AMY SMITH**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record via the court's electronic filing system on August 10, 2018.

Mark L. Hill
mark.hill@solidcounsel.com
Carlisle A. Braun
carlisle.braun@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, TX 75034
(214) 472-2150 (fax)

　　　　　　　　　　　　　　　　　　　　*/s/ Chelsea L. Hilliard*
　　　　　　　　　　　　　　　　　　　　Chelsea L. Hilliard

# EXHIBIT A

Filed: 7/10/2018 10:28 AM
Lynne Finley
District Clerk
Collin County, Texas
By Tatiana Ortega Deputy
Envelope ID: 25853641

CAUSE NO. 296-03276-2018

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **AMY SMITH,** | § | |
| | § | |
| *Defendant.* | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND
## APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

Pruvit Ventures, Inc., Plaintiff, files this Original Petition and Application for Temporary and Permanent Injunction against Amy Smith. In support thereof, Plaintiff respectfully shows the Court the following:

### I.    DISCOVERY LEVEL AND RULE 47 STATEMENT

1.     Plaintiff pleads for discovery under Level 2, pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.3. Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, which is an amount over $100,000 but not more than $200,000.

### II.    PARTIES

2.     Plaintiff, Pruvit Ventures, Inc., is a corporation authorized to conduct business in the state of Texas with a place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3.     Defendant is an individual doing business in Collin County, Texas that can be served with process at 250 Camp Tahkodah Rd., Batesville, AR, 72501-9058, or wherever she may be found.

---

### III.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court.  This Court has personal jurisdiction over Defendant because Defendant does business in Collin County, Texas. Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the Texas Civil Practices & Remedies Code as all or substantially all of the events giving rise to Plaintiff's causes of action arose in Collin County.

### IV.    STATEMENT OF FACTS

5.    Plaintiff is a worldwide leader in ketone technology and a pioneer in selling ketone products.    Plaintiff is a direct sales community based company that has representatives throughout the country to promote, market, and sell its unique products.

6.    This direct sales community is comprised of representatives who sell Plaintiff's products and recruit prospective representatives to do the same.  Over time, as senior representatives bring in new representatives, an up-line and down-line structure is created.

7.    In many cases, successful representatives in Plaintiff's community have created large downlines of fellow representatives totaling in the hundreds.

8.    Plaintiff invests significant amounts of time, money and resources into reasonably protecting the integrity of its community of representatives.

9.    When a representative leaves Plaintiff, it can adversely affect both the compensation of other representatives as well as the profits of Plaintiff.

10.    To protect Plaintiff's community of representatives, who also commonly are referred to as "Pruvers", Plaintiff requires each representative to execute a Pruvit

Pruver Agreement (the "Agreement"). The Agreement can be viewed on Plaintiff's website, www.pruvitnow.com, under the Policies and Procedures link.

11.    The Agreement, in pertinent part, prohibits a Pruvit representative, during the term of the Agreement and for a six (6) month period of time following separation from Plaintiff, from the following: (1) recruiting Plaintiff's promoters for another direct sales or network marketing business; (2) recruiting Plaintiff's customers for another direct sales or network marketing business; and (3) selling, or enticing others to sell products or services that compete with products and services offered by Plaintiff.

12.    Additionally, the Agreement prohibits Plaintiff's promoters during the term of the Agreement and for a two (2) year period following a promoter's separation from Plaintiff, from: (1) using Plaintiff's confidential and proprietary trade secret information to compete with Plaintiff or for any purpose other than promoting Plaintiff; and (2) disclosing to any person or entity any of Plaintiff's confidential and proprietary trade secret information in another network marketing company. Plaintiff's trade secrets specifically include its lists of customers, promoter names, contact and related information, and any other information which contain financial, scientific, company or other promoter back-office, and other information, both written or otherwise, pertaining to the business operations of Plaintiff and its representative community.

13.    Defendant is a former Pruver representative that recently elected to begin promoting and selling the products of a competitor based in Collin County, Texas.

14.    Defendant also began to actively violate the Agreement and recruit other Plaintiff representatives to this local competitor.  Defendant has specifically targeted

numerous long time representatives of Plaintiff that have larger downlines and that had prior access to Plaintiff's confidential or proprietary information.

15.     While the full extent of Defendant's improper actions are not yet known, Defendant is believed to have improperly solicited or recruited, in violation of the Agreement, multiple other representatives of Plaintiff.

16.     Defendant's Agreement with Plaintiff was terminated on or about February 2, 2018.

17.     Moreover, while working for the competitor, and during a period of time when this competitor was actively developing competitive products and attempting to build its new business, Plaintiff has discovered that Defendant continued to access and use confidential information of Plaintiff.

## V.     CAUSES OF ACTION

18.     The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

## COUNT 1—TORTIOUS INTERFERENCE

19.     As detailed above, Plaintiff is a party, or was a party, to valid written agreements with its representatives and other third parties; or had a reasonable probability that Plaintiff would have entered into a business relationship with third parties.

20.     Defendant willfully interfered with those agreements, intentionally (i) promoting the products of a competitor, and (ii) encouraging or otherwise soliciting representatives and customers of Plaintiff to cease doing business with Plaintiff.

21.    Defendant's interference with Plaintiff's contracts and relationships proximately caused disruption to Plaintiff's business and Plaintiff has suffered damages as a result.

## COUNT 2—MISAPPROPRIATION OF TRADE SECRETS

22.    Plaintiff has a possessory right to its trade secret and confidential information. Specifically, Plaintiff has a possessory right to its licensed ketone technology and intellectual property, sales and marketing processes, representative training processes, lists of customer and representative names and contact information, representative up- and down-line information, product ingredient and formulae information, and other company information, which contains financial, scientific, or other information both written and otherwise. Defendant has wrongfully used access to Plaintiff's former representatives to directly compete with Plaintiff, recruit Plaintiff's representatives to leave Plaintiff and join a competitor, gain a business advantage for Defendant and the competitor, and usurp business opportunities belonging to Plaintiff.

23.    This is protected trade secret information from which Plaintiff receives economic value.  It is not generally known, and Plaintiff has taken reasonable efforts to maintain its secrecy. Defendant acquired Plaintiff's trade secrets and confidential information from Plaintiff and improperly used such information.

24.    The trade secret information was misappropriated as defined by the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code § 134A.002(3), when Defendant used it to gain an advantage and steal and/or usurp business opportunities from Plaintiff.  As a result of this misappropriation, Plaintiff has lost business opportunities and suffered harm.

25.    Plaintiff believes this information was misappropriated willfully and maliciously by Defendant.  As a proximate result of such willful and malicious action, Plaintiff has suffered, and will continue to suffer, actual damages or loss, including loss of good will, harm to customer relationship, and loss of future contracts and business prospects, for which Defendant is fully liable, and for which damages are difficult to calculate.

## COUNT 3—BREACH OF CONTRACT

26.    A valid and enforceable contract existed between Plaintiff and Defendant while Defendant was a representative of Plaintiff.

27.    Defendant's actions in promoting products of a competitor of Plaintiff, recruiting and encouraging current representatives and customers of Plaintiff to cease doing business with Plaintiff and join a competitor, and improperly accessing and using confidential information of Plaintiff constitute breaches of the Agreement.  Plaintiff performed, or was excused from performing, its obligations under the Agreement with Defendant.

28.    Defendant's actions made a subject herein are a direct and proximate cause of Plaintiff's damages.

## VI.  APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

29.    The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

30.    Plaintiff's Application for Temporary Injunction is authorized by the Texas Civil Practice and Remedies Code Section 65.0111(2), (3), and (5).

31.     An injunction may be granted if the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant. Further, pursuant to § 65.011 of the Texas Civil Practice & Remedies Code, Plaintiff would be entitled to a writ of injunction under the principals of equity.

32.     Plaintiff is likely to suffer permanent and irreparable harm if an injunction is not entered. There is no other adequate remedy at law and Plaintiff seeks the equitable intervention of this Court.

33.     For the reasons stated in this petition, Plaintiff requests the Court issue a Temporary Injunction enjoining the conduct outlined below. To preserve the status quo pending the final trial on the merits of this case, Plaintiff asks this Court to issue a Temporary Injunction to restrain and enjoin Defendant, and any and all other persons under his control and/or direction, or active in active concert and participation with Defendant, from engaging in any of the following:

      a. Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Plaintiff or any of its products;

      b. Inducing, in any manner, any existing customer of Plaintiff to terminate its business relationship with Plaintiff;

      c. Inducing, in any manner, any existing representative promoter (or Pruver) of Plaintiff to terminate its business relationship with Plaintiff;

      d. Inducing, in any manner, any existing promoter of Plaintiff to breach the terms of their respective Agreement;

      e. Promoting and/or selling, in any manner, any products for a competitor of Plaintiff in breach of the terms of their Agreement; and

    f. Directly or indirectly accessing, transferring, downloading, or otherwise using, in any manner, any of Plaintiffs' trade secrets, confidential and/or proprietary information.

34.     Plaintiff will suffer immediate and irreparable harm in the event that Defendant is allowed to continue soliciting Plaintiff's representatives in violation of his Agreement during the pendency of this suit.

35.     In the absence of injunctive relief, Plaintiff has no adequate remedy at law. It is essential that the Court immediately restrain Defendant from continuing the conduct described herein. Plaintiff is willing to post a bond in connection with any temporary injunction, if required by the Court, in accordance with TEXAS RULES OF CIVIL PROCEDURE 684.

36.     In compliance with the Texas Rules of Civil Procedure, Plaintiff is entitled to a hearing providing the relief requested above to give her an opportunity to be heard by the Court. Plaintiff requests that the Court set a hearing to consider whether temporary injunctive relief should be granted pending a trial on the merits.

37.     Plaintiff further pleads for a permanent injunction, enjoining Defendant from engaging in the above acts, following a trial of this cause.

## VII.   CONDITIONS PRECEDENT

38.     All conditions precedent to Plaintiff's right to bring the above causes of action, and for recovery requested herein, have been performed or otherwise already occurred.

## VIII.   EXEMPLARY DAMAGES

39.     Plaintiff is entitled to exemplary damages for Defendant's willfully and intentional conduct, and because such acts were committed with that level of mental

culpability for which Texas law allows a jury to impose punitive damages, and Plaintiff seeks an award of such damages.

## IX.    ATTORNEY FEES

40.    Plaintiff is entitled to recover its reasonable and necessary attorneys' fees incurred in this matter pursuant to the Agreement and Section 38.001 *et seq.* of the Texas Civil Practice and Remedies Code.

## X.    REQUEST FOR DISCLOSURES

41.    Pursuant to the Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of service of this Original Petition, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure

## XI.    PRAYER

42.    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests Defendant be cited to appear and answer, and that upon final hearing, Plaintiff have the following:

(1)    Plaintiff be granted a temporary injunction and permanent injunction enjoining Defendant from the conduct described herein;

(2)    Plaintiff be granted judgment against Defendant and damages (including special, incidental and consequential) within the jurisdictional limits of this Court;

(3)    Plaintiff be granted judgment against Defendant for exemplary damages within the jurisdictional limits of this Court;

(4)    Plaintiff be granted judgment disgorging the profits obtained by Defendant due to the improper conduct made a subject of this suit;

(5)    Plaintiff be granted judgment against Defendant for reasonable and necessary attorneys' fees, costs of suit, including conditional appellate fees in the event this suit is appeals, and prejudgment and post-judgment interest; and

(6)    Plaintiff be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ Mark L. Hill
    **MARK L. HILL**
    State Bar No. 24034868
    mark.hill@solidcounsel.com
    **CARLISLE A. BRAUN**
    State Bar No. 24058818
    carlisle.braun@solidcounsel.com

    2600 Network Blvd., Suite 400
    Frisco, Texas 75034
    (214) 472-2100 Telephone
    (214) 472-2150 Facsimile

    *ATTORNEYS FOR PLAINTIFF*
    *PRUVIT VENTURES, INC.*

# EXHIBIT B

Taxable Entity Search Results

Page 1 of 1





# Franchise Tax Account Status

As of : 07/19/2018 11:07:56

**This Page is Not Sufficient for Filings with the Secretary of State**

### PRUVIT VENTURES, INC.

| | |
|---|---|
| **Texas Taxpayer Number** | 32055772589 |
| **Mailing Address** | 901 SAM RAYBURN HWY MELISSA, TX 75454-2218 |
| **❷ Right to Transact Business in Texas** | ACTIVE |
| **State of Formation** | TX |
| **Effective SOS Registration Date** | 11/25/2014 |
| **Texas SOS File Number** | 0802107576 |
| **Registered Agent Name** | JENIFER GRACE |
| **Registered Office Street Address** | 901 SAM RAYBURN HWY. MELISSA, TX 75454 |

# EXHIBIT C

296TH JUDICIAL DISTRICT COURT

# DOCKET SHEET
## CASE NO. 296-03276-2018

**Pruvit Ventures, Inc., Plaintiff v. Amy Smith,**
**Defendant**

§
§
§
§

Location: **296th District Court**
Judicial Officer: **Roach, John R., Jr.**
Filed on: **07/10/2018**

---

## CASE INFORMATION

Case Type: **Other Contract**

---

| DATE | CASE ASSIGNMENT |
|------|-----------------|

**Current Case Assignment**

| | |
|---|---|
| Case Number | 296-03276-2018 |
| Court | 296th District Court |
| Date Assigned | 07/10/2018 |
| Judicial Officer | Roach, John R., Jr. |

---

## PARTY INFORMATION

*Lead Attorneys*

| Plaintiff | **Pruvit Ventures, Inc.** | **Hill, Mark L** *Retained* 214-472-2100(W) |
|-----------|---------------------------|---------------------------------------------|
| Defendant | **Smith, Amy** | **Hilliard, Chelsea L** *Retained* 214-999-3000(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|------|------------------------------|-------|

| 07/10/2018 | Plaintiff's Original Petition (OCA) $298.00 *Plaintiff's Original Petition and Application for Temporary and Permanent Injunction* Party: Plaintiff Pruvit Ventures, Inc. | |
| 07/10/2018 | Case Information Sheet | |
| 07/11/2018 | Request for Citation $8.00 | |
| 07/12/2018 | **Citation** Smith, Amy          served 07/14/2018 | |
| 07/27/2018 | Service Return *Citation - Amy Smith* | |
| 08/06/2018 | Original Answer *Defendant's Original Answer* Party: Defendant Smith, Amy | |

---

| DATE | FINANCIAL INFORMATION |
|------|-----------------------|

**Plaintiff** Pruvit Ventures, Inc.
Total Charges                                   306.00
Total Payments and Credits                       306.00
**Balance Due as of  8/9/2018**                    0.00

296TH JUDICIAL DISTRICT COURT
# DOCKET SHEET
### CASE NO. 296-03276-2018



*Printed on 08/09/2018 at 3:23 PM*



**STATE OF TEXAS** )
**COUNTY OF COLLIN** )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas, Witness my hand and seal of said Court, this
the ____ day of _____, A.D., 20 18.

**LYNNE FINLEY, DISTRICT CLERK**
**COLLIN COUNTY, TEXAS**

_____ **DEPUTY**

Filed: 7/10/2018 10:28 AM
Lynne Finley
District Clerk
Collin County, Texas
By Tatiana Ortega Deputy
Envelope ID: 25853641

CAUSE NO. <u>296-03276-2018</u>

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **AMY SMITH,** | § | |
| | § | |
| *Defendant.* | § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND
## APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

Pruvit Ventures, Inc., Plaintiff, files this Original Petition and Application for Temporary and Permanent Injunction against Amy Smith. In support thereof, Plaintiff respectfully shows the Court the following:

### I.    DISCOVERY LEVEL AND RULE 47 STATEMENT

1.    Plaintiff pleads for discovery under Level 2, pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.3. Plaintiff seeks damages in an amount within the jurisdictional limits of this Court, which is an amount over $100,000 but not more than $200,000.

### II.    PARTIES

2.    Plaintiff, Pruvit Ventures, Inc., is a corporation authorized to conduct business in the state of Texas with a place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3.    Defendant is an individual doing business in Collin County, Texas that can be served with process at 250 Camp Tahkodah Rd., Batesville, AR, 72501-9058, or wherever she may be found.

---

### III.     JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court. This Court has personal jurisdiction over Defendant because Defendant does business in Collin County, Texas. Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the Texas Civil Practices & Remedies Code as all or substantially all of the events giving rise to Plaintiff's causes of action arose in Collin County.

### IV.     STATEMENT OF FACTS

5.      Plaintiff is a worldwide leader in ketone technology and a pioneer in selling ketone products. Plaintiff is a direct sales community based company that has representatives throughout the country to promote, market, and sell its unique products.

6.      This direct sales community is comprised of representatives who sell Plaintiff's products and recruit prospective representatives to do the same. Over time, as senior representatives bring in new representatives, an up-line and down-line structure is created.

7.      In many cases, successful representatives in Plaintiff's community have created large downlines of fellow representatives totaling in the hundreds.

8.      Plaintiff invests significant amounts of time, money and resources into reasonably protecting the integrity of its community of representatives.

9.      When a representative leaves Plaintiff, it can adversely affect both the compensation of other representatives as well as the profits of Plaintiff.

10.     To protect Plaintiff's community of representatives, who also commonly are referred to as "Pruvers", Plaintiff requires each representative to execute a Pruvit

Pruver Agreement (the "Agreement"). The Agreement can be viewed on Plaintiff's website, www.pruvitnow.com, under the Policies and Procedures link.

11.    The Agreement, in pertinent part, prohibits a Pruvit representative, during the term of the Agreement and for a six (6) month period of time following separation from Plaintiff, from the following: (1) recruiting Plaintiff's promoters for another direct sales or network marketing business; (2) recruiting Plaintiff's customers for another direct sales or network marketing business; and (3) selling, or enticing others to sell products or services that compete with products and services offered by Plaintiff.

12.    Additionally, the Agreement prohibits Plaintiff's promoters during the term of the Agreement and for a two (2) year period following a promoter's separation from Plaintiff, from: (1) using Plaintiff's confidential and proprietary trade secret information to compete with Plaintiff or for any purpose other than promoting Plaintiff; and (2) disclosing to any person or entity any of Plaintiff's confidential and proprietary trade secret information in another network marketing company. Plaintiff's trade secrets specifically include its lists of customers, promoter names, contact and related information, and any other information which contain financial, scientific, company or other promoter back-office, and other information, both written or otherwise, pertaining to the business operations of Plaintiff and its representative community.

13.    Defendant is a former Pruver representative that recently elected to begin promoting and selling the products of a competitor based in Collin County, Texas.

14.    Defendant also began to actively violate the Agreement and recruit other Plaintiff representatives to this local competitor.  Defendant has specifically targeted

numerous long time representatives of Plaintiff that have larger downlines and that had prior access to Plaintiff's confidential or proprietary information.

15.     While the full extent of Defendant's improper actions are not yet known, Defendant is believed to have improperly solicited or recruited, in violation of the Agreement, multiple other representatives of Plaintiff.

16.     Defendant's Agreement with Plaintiff was terminated on or about February 2, 2018.

17.     Moreover, while working for the competitor, and during a period of time when this competitor was actively developing competitive products and attempting to build its new business, Plaintiff has discovered that Defendant continued to access and use confidential information of Plaintiff.

## V.    CAUSES OF ACTION

18.     The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

## COUNT 1—TORTIOUS INTERFERENCE

19.     As detailed above, Plaintiff is a party, or was a party, to valid written agreements with its representatives and other third parties; or had a reasonable probability that Plaintiff would have entered into a business relationship with third parties.

20.     Defendant willfully interfered with those agreements, intentionally (i) promoting the products of a competitor, and (ii) encouraging or otherwise soliciting representatives and customers of Plaintiff to cease doing business with Plaintiff.

21.   Defendant's interference with Plaintiff's contracts and relationships proximately caused disruption to Plaintiff's business and Plaintiff has suffered damages as a result.

## COUNT 2—MISAPPROPRIATION OF TRADE SECRETS

22.   Plaintiff has a possessory right to its trade secret and confidential information. Specifically, Plaintiff has a possessory right to its licensed ketone technology and intellectual property, sales and marketing processes, representative training processes, lists of customer and representative names and contact information, representative up- and down-line information, product ingredient and formulae information, and other company information, which contains financial, scientific, or other information both written and otherwise. Defendant has wrongfully used access to Plaintiff's former representatives to directly compete with Plaintiff, recruit Plaintiff's representatives to leave Plaintiff and join a competitor, gain a business advantage for Defendant and the competitor, and usurp business opportunities belonging to Plaintiff.

23.   This is protected trade secret information from which Plaintiff receives economic value.  It is not generally known, and Plaintiff has taken reasonable efforts to maintain its secrecy. Defendant acquired Plaintiff's trade secrets and confidential information from Plaintiff and improperly used such information.

24.   The trade secret information was misappropriated as defined by the Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code § 134A.002(3), when Defendant used it to gain an advantage and steal and/or usurp business opportunities from Plaintiff.  As a result of this misappropriation, Plaintiff has lost business opportunities and suffered harm.

25.    Plaintiff believes this information was misappropriated willfully and maliciously by Defendant.  As a proximate result of such willful and malicious action, Plaintiff has suffered, and will continue to suffer, actual damages or loss, including loss of good will, harm to customer relationship, and loss of future contracts and business prospects, for which Defendant is fully liable, and for which damages are difficult to calculate.

## COUNT 3—BREACH OF CONTRACT

26.    A valid and enforceable contract existed between Plaintiff and Defendant while Defendant was a representative of Plaintiff.

27.    Defendant's actions in promoting products of a competitor of Plaintiff, recruiting and encouraging current representatives and customers of Plaintiff to cease doing business with Plaintiff and join a competitor, and improperly accessing and using confidential information of Plaintiff constitute breaches of the Agreement.  Plaintiff performed, or was excused from performing, its obligations under the Agreement with Defendant.

28.    Defendant's actions made a subject herein are a direct and proximate cause of Plaintiff's damages.

## VI.  APPLICATION FOR TEMPORARY AND PERMANENT INJUNCTION

29.    The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

30.    Plaintiff's Application for Temporary Injunction is authorized by the Texas Civil Practice and Remedies Code Section 65.0111(2), (3), and (5).

31.     An injunction may be granted if the applicant is entitled to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to the applicant. Further, pursuant to § 65.011 of the Texas Civil Practice & Remedies Code, Plaintiff would be entitled to a writ of injunction under the principals of equity.

32.     Plaintiff is likely to suffer permanent and irreparable harm if an injunction is not entered. There is no other adequate remedy at law and Plaintiff seeks the equitable intervention of this Court.

33.     For the reasons stated in this petition, Plaintiff requests the Court issue a Temporary Injunction enjoining the conduct outlined below. To preserve the status quo pending the final trial on the merits of this case, Plaintiff asks this Court to issue a Temporary Injunction to restrain and enjoin Defendant, and any and all other persons under his control and/or direction, or active in active concert and participation with Defendant, from engaging in any of the following:

      a. Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Plaintiff or any of its products;

      b. Inducing, in any manner, any existing customer of Plaintiff to terminate its business relationship with Plaintiff;

      c. Inducing, in any manner, any existing representative promoter (or Pruver) of Plaintiff to terminate its business relationship with Plaintiff;

      d. Inducing, in any manner, any existing promoter of Plaintiff to breach the terms of their respective Agreement;

      e. Promoting and/or selling, in any manner, any products for a competitor of Plaintiff in breach of the terms of their Agreement; and

      f.  Directly or indirectly accessing, transferring, downloading, or otherwise using, in any manner, any of Plaintiffs' trade secrets, confidential and/or proprietary information.

34.    Plaintiff will suffer immediate and irreparable harm in the event that Defendant is allowed to continue soliciting Plaintiff's representatives in violation of his Agreement during the pendency of this suit.

35.    In the absence of injunctive relief, Plaintiff has no adequate remedy at law. It is essential that the Court immediately restrain Defendant from continuing the conduct described herein. Plaintiff is willing to post a bond in connection with any temporary injunction, if required by the Court, in accordance with TEXAS RULES OF CIVIL PROCEDURE 684.

36.    In compliance with the Texas Rules of Civil Procedure, Plaintiff is entitled to a hearing providing the relief requested above to give her an opportunity to be heard by the Court. Plaintiff requests that the Court set a hearing to consider whether temporary injunctive relief should be granted pending a trial on the merits.

37.    Plaintiff further pleads for a permanent injunction, enjoining Defendant from engaging in the above acts, following a trial of this cause.

## VII.  CONDITIONS PRECEDENT

38.    All conditions precedent to Plaintiff's right to bring the above causes of action, and for recovery requested herein, have been performed or otherwise already occurred.

## VIII.  EXEMPLARY DAMAGES

39.    Plaintiff is entitled to exemplary damages for Defendant's willfully and intentional conduct, and because such acts were committed with that level of mental

culpability for which Texas law allows a jury to impose punitive damages, and Plaintiff seeks an award of such damages.

## IX.    ATTORNEY FEES

40.    Plaintiff is entitled to recover its reasonable and necessary attorneys' fees incurred in this matter pursuant to the Agreement and Section 38.001 *et seq*. of the Texas Civil Practice and Remedies Code.

## X.    REQUEST FOR DISCLOSURES

41.    Pursuant to the Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within fifty (50) days of service of this Original Petition, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure

## XI.    PRAYER

42.    **WHEREFORE,    PREMISES    CONSIDERED,**    Plaintiff    requests Defendant be cited to appear and answer, and that upon final hearing, Plaintiff have the following:

(1)    Plaintiff be granted a temporary injunction and permanent injunction enjoining Defendant from the conduct described herein;

(2)    Plaintiff be granted judgment against Defendant and damages (including special, incidental and consequential) within the jurisdictional limits of this Court;

(3)    Plaintiff be granted judgment against Defendant for exemplary damages within the jurisdictional limits of this Court;

(4)    Plaintiff be granted judgment disgorging the profits obtained by Defendant due to the improper conduct made a subject of this suit;

(5)   Plaintiff be granted judgment against Defendant for reasonable and necessary attorneys' fees, costs of suit, including conditional appellate fees in the event this suit is appeals, and prejudgment and post-judgment interest; and

(6)   Plaintiff be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, L.L.P.**

By: /s/ Mark L. Hill
      **MARK L. HILL**
      State Bar No. 24034868
      mark.hill@solidcounsel.com
      **CARLISLE A. BRAUN**
      State Bar No. 24058818
      carlisle.braun@solidcounsel.com

      2600 Network Blvd., Suite 400
      Frisco, Texas 75034
      (214) 472-2100 Telephone
      (214) 472-2150 Facsimile

      ***ATTORNEYS FOR PLAINTIFF***
      ***PRUVIT VENTURES, INC.***

Filed: 8/6/2018 12:00 AM
Lynne Finley
District Clerk
Collin County, Texas
By LeAnne Brazeal Deputy
Envelope ID: 26517174

Cause No. 296-03276-2018

PRUVIT VENTURES, INC.

        Plaintiff,

v.

 AMY SMITH,

        Defendant.

In the District Court

Collin County, Texas

296th Judicial District

---

## DEFENDANT'S ORIGINAL ANSWER

Defendant Amy Smith ("Defendant") in the above-entitled and numbered cause, files this Original Answer to Plaintiff Pruvit Ventures, Inc.'s ("Plaintiff") Original Petition and Application for Temporary and Permanent Injunction ("Original Petition"), and respectfully shows the Court as follows:

### I.    GENERAL DENIAL

1.    Defendant generally denies each and every allegation, both singular and plural, averred in Plaintiff's Original Petition and every amendment or supplement thereto, and demands strict proof thereof by a preponderance of evidence pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.    DEFENSES AND AFFIRMATIVE DEFENSES

2.    Subject to and without waiving the foregoing and without admitting any liability, which Defendant denies, Defendant asserts the following defenses and affirmative defenses:

    a.    Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

---

b.  Plaintiff's Original Petition fails to allege or plead a plausible claim for tortious interference with an existing contract.

c.  Plaintiff's Original Petition fails to allege or plead a plausible claim for tortious interference with prospective business relations.

d.  The Original Petition fails to allege or plead a plausible claim for misappropriation of trade secrets.

e.  The Original Petition fails to allege or plead a plausible claim for breach of contract.

f.  Plaintiff has not satisfied the conditions precedent to the enforcement of the contract it alleges, specifically, Plaintiff did not perform its obligations under the contract to provide payment to Defendant.

g.  All the actions taken by Defendant with regard to Plaintiff were based on good faith and on reasonable grounds for believing her acts or omissions were in conformity with applicable law.

h.  The noncompete provision upon which Plaintiff bases its tortious interference contract claim is void as a matter of law.

i.  The nonsolicitation provision upon which Plaintiff bases its tortious interference contract claim is void as a matter of law.

j.  Plaintiff's claims fail for lack or failure of consideration.

k.  Plaintiff's claims are barred by the doctrine of waiver.

l.  Plaintiff's claims are barred by the doctrine of independent discovery.

m.  Plaintiff's alleged damages are too speculative to be recoverable.

n.  Plaintiff's alleged damages were not proximately caused by the conduct of Defendant.

o.    Plaintiff did not incur the damages alleged.

3.    Defendant reserves the right to assert additional affirmative defenses subsequently discovered and to rely on such affirmative defenses at the time of the trial.

**PRAYER**

WHEREFORE, Defendant asks the Court to render a take-nothing judgment against Plaintiff, assess costs against Plaintiff, and award Defendant (a) reasonable and necessary attorneys' fees pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b) and/or other applicable law, and (b) all other relief to which Defendant may be justly entitled.

Respectfully submitted,

By:  */s/ Chelsea L. Hilliard*
ROBERT T. SLOVAK
State Bar No. 24013523
rslovak@foley.com
STEVEN C. LOCKHART
State Bar No. 24036981
slockhart@foley.com
CHELSEA L. HILLIARD
State Bar No. 24068630
chilliard@foley.com

**FOLEY GARDERE**
**FOLEY & LARDNER, LLP**
2021 McKinney Avenue,
Suite 1600
Dallas, Texas 75201
(214) 999-3000 Telephone
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on all counsel of record via the court's Electronic Filing System and/or via email pursuant to Texas Rule of Civil Procedure 21a on August 5, 2018.

By:  /s/ Chelsea L. Hilliard
Chelsea L. Hilliard

# EXHIBIT D

Cause No. 296-03276-2018

| | |
|---|---|
| PRUVIT VENTURES, INC., | In the District Court |
| Plaintiff, | |
| v. | Collin County, Texas |
| AMY SMITH, | |
| Defendant. | 296th Judicial District |

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

To:    The Clerk of the District Court of Collin County, Texas and all counsel of record.

You are hereby notified that on August 10, 2018, Defendant Amy Smith filed a Notice of Removal, a true and correct copy of which is attached hereto, for the purpose of removing this case to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

By: /s/ Chelsea L. Hilliard

ROBERT T. SLOVAK
State Bar No. 24013523
rslovak@foley.com
STEVEN C. LOCKHART
State Bar No. 24036981
slockhart@foley.com
CHELSEA L. HILLIARD
State Bar No. 24068630
chilliard@foley.com

**FOLEY GARDERE**
**FOLEY & LARDNER, LLP**
2021 McKinney Avenue,
Suite 1600
Dallas, Texas 75201
(214) 999-3000 Telephone
(214) 999-4667 Facsimile

**ATTORNEYS FOR DEFENDANT**
**AMY SMITH**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel of record via the court's electronic filing system on August 10, 2018.

Mark L. Hill
mark.hill@solidcounsel.com
Carlisle A. Braun
carlisle.braun@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, TX 75034
(214) 472-2150 (fax)

/s/ Chelsea L. Hilliard
Chelsea L. Hilliard